IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAFFLOSE CORPORATION, et al. | ) | CASE NO.  1:10CV2178 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DAN AARON POLSTER. |
| v. | ) | |
| | ) | |
| 3 M INNOVATION | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff Kosi Sasaya"s second Motion to Reconsider the dismissal of his Complaint entered on October 6, 2010. (ECF 9).

The Federal Rules of Civil Procedure do not provide for a Motion for Reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland,* No. 1:08-CV-1892, 2009 WL 1565956 at * 1 (N.D. Ohio, Jun 6, 2009) (citing *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979)). The motion is disfavored and is seldom granted because it contradicts notions of finality and repose. *Id. See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D.Ohio, Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.,* 904 F.Supp. 644, 669 (N.D.Ohio, 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with

due diligence, have been discovered and offered during the initial consideration of the issue.' " *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D. Ohio, 1996) (quoting *In re August 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D.Ind., 1994)).

Mr. Sasaya repeats his assertion that he is attempting to recover damages for the theft of his corporate and personally owned assets. Although he claims that he personally invested $15,000,000 into the financing, research and development of his "Non Woody Pulp Sponge, it appears that the asset is owned by the Corporation. As previously explained in the Court's Opinion and Order, " a corporation is a distinct legal entity, separate and apart from the natural individuals who formed it and own it. *Charvat v. Farmers Ins. Columbus, Inc*., 178 Ohio App.3d 118, 133, 897 N.E.2d 167, 178 (Ohio App. 10 Dist.,2008); *Janos v. Murduck*, 109 Ohio App.3d 583, 587 (Ohio App., 9th Dist. 1996). Because a corporation is a separate entity from its directors and officers, causes of action belonging to the corporation may not be litigated by the officers for their own benefit.*" Fornshell v. Roetzel & Andress, L.P.A.*, Nos. 92132, 92161, 2009 WL 1629715 at * 8 (Ohio App. 8th Dist. 2009); *Maloof v. Benesch, Friedlander, Coplan & Aronoff*, No. 84006, 2004 WL 2676739 at * 5 (Ohio App. 8 Dist. Nov. 24, 2004)).

The Court again finds that there are no grounds to support a reconsideration of the Court's Opinion and Order of October 6, 2010. He is arguing that he has asserted a claim under the Racketeer Influenced and Corrupt Practices Act ("RICO'), 18 U.S.C. § 1961 *et seq*., but it is not clear whether his corporation is still involved in this case. Although he states that the Rico statute was violated to his detriment, any loss was caused by the contract between the Defendant and the corporation. He personally may suffer harm when the corporation is harmed, but that does not entitle him sue on his own behalf. Plaintiff has not shown a clear error of law or newly discovered

evidence exists, an intervening change in controlling law has occurred, or that manifest injustice would be prevented if the case was reinstated.  Again, the action was dismissed without prejudice.

Accordingly, Plaintiff's second Motion to Reconsider is denied.

IT IS SO ORDERED


Date:  *11/16/10*　　　　　　　　　　　　 */s/Dan Aaron Polster*
　　　　　　　　　　　　　　　　　　　　JUDGE DAN AARON POLSTER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE